Carl M. MISENHEIMER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14974.

United States Court of Appeals District of Columbia Circuit.

Argued June 15, 1959.

Decided Sept. 24, 1959.

Petition for Rehearing Denied Nov. 3, 1959.

Mr. Hymie Nussbaum, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellant was convicted upon his indictment for second degree murder. We have examined his contentions on appeal and find them without merit, though ably urged by court-appointed counsel.

██ There is one matter, however, which deserves brief comment. Pursuant to the request of defense counsel, who cited and relied on Smith v. United States, 1929, 59 App.D.C. 144, 36 F.2d 548, 70 A.L.R. 654, the court instructed the jury that it should find the defendant not guilty by reason of insanity if it determined that he acted under an irresistible impulse. Appellant complains that the effect of this instruction was vitiated by further instructions which told the jury that, in any event, a determination that the defendant suffered from mental disease or defect was essential for an acquittal by reason of insanity.

Appellant's point is not well taken. In this jurisdiction, the ultimate issue of responsibility is whether the criminal act is the product of a mental disease or defect. Durham v. United States, 1954, 94 U.S. App.D.C. 228, 214 F.2d 862, 45 A.L.R. 2d 1430. Upon that issue, the jury's range of inquiry is not to be limited to particular symptoms, but may include, under proper instructions, any symptoms and manifestations of mental disorder. Durham v. United States, supra, 94 U.S. App.D.C. at page 235, 214 F.2d at page 869; cf. Douglas v. United States, 1956, 99 U.S.App.D.C. 232, at page 238, 239 F.2d 52, at page 58. In a case like the present the jury would consider whether the act was committed by reason of an irresistible impulse due to a mental disorder. A similar approach should be tak-

en with respect to any matters offered in evidence as indicative of mental disorder, such as, for example, inability to distinguish between right and wrong. The decision of the jury must, of course, rest on the testimony in the particular case.

Affirmed.

WILBUR K. MILLER, Circuit Judge, concurs in the result.